UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

JOSÉ OVIEDO,

        Plaintiff,

v.

BOZZUTO & ASSOCIATES, INC.
D/B/A THE BOZZUTO GROUP A/K/A
BOZZUTO MANAGEMENT
COMPANY,

        Defendants.

## COMPLAINT

Plaintiff JOSÉ OVIEDO ("Plaintiff") sues defendant BOZZUTO & ASSOCIATES, INC. D/B/A THE BOZZUTO GROUP A/K/A BOZZUTO MANAGEMENT COMPANY, ("Defendant"), and alleges as follows:

### NATURE OF ACTION

1. This action arises out of Plaintiff's employment relationship with Defendant, including his discrimination and wrongful termination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"); Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA").

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and (4) and 28 U.S.C. §1367 (a).

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendant resides in this district; also, because

Defendant is subject to the Court's personal jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

6. At all times material, Plaintiff was an "employee" as defined by 42 U.S.C. § 12111(4), 29 USC § 630 (f), and a "qualified individual" as defined by 42 U.S.C. § 12111(8).

7. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

8. At all times material, Defendant was a "person" and an "employer" as defined by 42 U.S.C. § 12111(5); 29 USC § 630 (b) and Fla. Stat. § 760.02(7). Defendant employed twenty or more employees for the applicable statutory period, and it is therefore subject to the employment discrimination provisions of the applicable statutes – the ADEA, the ADA and the FCRA.

9. At all times material, Defendant was a company doing business in Miami-Dade County, Florida, with its headquarters in Greenbelt, Maryland. Defendant is and was, at all times relevant, a property management, real estate company and conducts business throughout the United States of America.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all conditions precedent in filing this action, to wit:

a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), Miami District Office;

b. Plaintiff received a Right to Sue Notice from the EEOC on or about February 16, 2021.

11. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## **GENERAL ALLEGATIONS**

12. Plaintiff is a licensed mechanical engineer, Professional Engineer ("P.E."), who is 59 years old.

13. Defendant hired Plaintiff around January 2018 to work as Chief Engineer of a rental property that Defendant was going to manage in downtown Miami, located at 698 NE 1st Avenue, Miami, Florida, named Caoba Miami Worldcenter ("Caoba"). Plaintiff began working for Defendant on June 6, 2018.

14. Initially, Defendant assigned Plaintiff to work some days in another property it managed, located in Coral Gables, Florida and some days in Caoba while it was finished.

15. Around January 2019, Caoba finally opened and a general manager, named Stephanie Mathieu ("Ms. Mathieu") was assigned.

16. Ms. Mathieu is much younger than Plaintiff.

17. From the moment Ms. Mathieu began working at the property, she engaged in discriminatory conduct against Plaintiff because of his age.

18. Among other discriminatory acts committed by Ms. Mathieu against Plaintiff, Ms. Mathieu took over Plaintiff's office, and put him to work in the kitchen with no desk, no place to put his work materials, and no office chair. Plaintiff had to sit on a bar stool, having no facilities at all to do his job. When the developer offered to build an office for Plaintiff, Ms. Mathieu

opposed the developer's offer and left Plaintiff working at the office kitchen. Additionally, Ms. Mathieu micromanaged Plaintiff and required Plaintiff to wear a uniform or work attire that was not needed or required for mechanical engineers.

19. Plaintiff opposed the discriminatory acts committed against him by Ms. Mathieu on account of his age by complaining verbally to his supervisor and other management and demanding adequate working conditions for him to perform his job.

20. After Plaintiff opposed the discriminatory acts that Ms. Mathieu committed against him because of his age, Defendant failed to take corrective measures and control working conditions. Accordingly, Ms. Mathieu's discriminatory conduct toward Plaintiff consistently continued.

21. The discriminatory acts committed against him by Defendant's agent, to wit, Ms. Mathieu, created a hostile work environment for Plaintiff.

22. After Plaintiff complained and opposed the discriminatory acts that Ms. Mathieu was committing against him because of his age, Ms. Mathieu continued with and intensified her discriminatory demeanor and actions towards Plaintiff and the work environment became even more hostile.

23. On March 22, 2019, Plaintiff had open heart surgery and was in convalescence for a month.

24. During the month that Plaintiff was recovering from heart surgery, Defendant through Ms. Mathieu, brought in a younger employee named Joseph (ULN) who – upon information and belief – was only 25 to 28 years old and who did not have an engineering degree, to take over Plaintiff's job and duties.

25. Plaintiff returned to work in April 2019.

26. During his heart surgery, Plaintiff experienced damage to the ulnar nerve in his right arm. Plaintiff immediately informed Defendant that he suffered injury to his ulnar nerve, and Ms. Matthieu was specifically informed of Plaintiff's condition and advised that Plaintiff needed an office and a proper desk.

27. When Plaintiff returned to work after his heart surgery, Ms. Mathieu's discrimination and harassment increased even more, to the point that she began to directly intervene with Plaintiff's duties, and complained that Plaintiff's performance was not good, although she failed to provide Plaintiff with adequate job facilities, in spite of Plaintiff's repeated requests that the use of the kitchen counter as a desk was aggravating Plaintiff's medical condition, particularly damage to Plaintiff's ulnar nerve in his right arm. Ms. Mathieu continued to subject Plaintiff to a hostile work environment. Matthieu threatened Plaintiff job by repeatedly stating that she did not need him and that he could go home if he was not capable of fully performing his job without any restrictions.

28. Shortly thereafter, on May 29, 2019, Ms. Mathieu terminated Plaintiff, citing a laundry list of issues that she allegedly had with Plaintiff, but that she had not previously mentioned to Plaintiff.

29. Prior to Ms. Mathieu's hiring as general manager, Plaintiff did not experience any issues with his job.

30. After Ms. Mathieu terminated Plaintiff, she recruited Joseph (ULN) as Chief Engineer.

31. Upon information and belief, Joseph (ULN) does not have any disability or perceived disability.

32. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

### COUNT I: VIOLATION OF THE ADEA -TERMINATION

33. Plaintiff repeats and re-alleges paragraphs 12 – 22, 24-25, 27 – 30 and 32 as if fully stated herein.

34. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff due to his age, in violation of the ADEA.

35. Plaintiff is over 40 years old and is within a protected class.

36. Plaintiff was qualified to perform his job as Chief Engineer of Defendant's rental property.

37. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, *inter alia*, terminating Plaintiff due to his age.

38. After Defendant terminated Plaintiff, Defendant hired a younger employee to replace Plaintiff.

39. The effect of the practices complained of in this complaint has been to deprive Plaintiff of equal employment opportunities, specifically his employment, because of his age.

40. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT II: VIOLATION OF THE ADEA – HOSTILE WORK ENVIRONMENT

41. Plaintiff repeats and re-alleges paragraphs 12 – 22, 24-25, 27 – 30 and 32 as if fully stated herein.

42. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff due to his age, in violation of the ADEA.

43. Plaintiff is over 40 years old and is within a protected class.

44. Plaintiff was qualified to perform his job.

45. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment and creating a hostile work environment by, *inter alia*, depriving Plaintiff of his office, by not giving him any facilities to do

7

his job, putting him to work in the kitchen with no desk, by not providing him with a place to put his work materials, not providing him with an office chair and leaving Plaintiff working at the office kitchen where he could not properly perform his work.

46. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

47. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and other damages;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorneys' fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT III: VIOLATION OF THE ADEA - RETALIATION**

48. Plaintiff repeats and re-alleges paragraphs 12 – 22, 24-25, 27 – 30 and 32 as if fully stated herein.

49. Defendant's discriminatory acts against Plaintiff on account of his age only worsened after Plaintiff complained about it and Plaintiff was ultimately terminated.

50. Despite Plaintiff's repeated claims, Defendant took no remedial action to control working conditions and cease the discriminatory actions against him.

51. Defendant's conduct and disregard for Plaintiff's continued complaints were motivated by an intent to retaliate against Plaintiff for his protected activity under the ADEA.

52. Defendant willfully violated the ADEA or acted with reckless disregard for whether its actions were prohibited.

53. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against the Defendant for its violations of the anti-retaliatory provisions of the ADEA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefit and damages;

c. Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

e. Award Plaintiff prejudgment interest on his damages award;

  f. Award Plaintiff reasonable costs and attorneys' fees; and

  g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: VIOLATION OF TITLE I OF THE ADA

54. Plaintiff repeats and re-alleges paragraphs 12 – 15, 23, 25 – 32 as if fully stated herein.

55. Plaintiff's heart surgery and subsequent damage to the ulnar nerve in his right arm, aggravated on account of the use of the kitchen counter as desk, qualify as disabilities within the meaning of the ADA.

56. At all times material, Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodation.

57. At all times material, Defendant was aware of Plaintiff's disability conditions.

58. The accommodations requested by Plaintiff were reasonable.

59. At all times material to this action, Defendant engaged in unlawful discrimination against Plaintiff when it failed to provide Plaintiff with a reasonable accommodation and ultimately terminated Plaintiff. Because of Plaintiff's disability and/or perceived disability, Defendant discriminated against him in violation of the ADA.

60. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

  a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title I of the ADA;

    b. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

    c. Award Plaintiff compensatory damages under Title I of the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    d. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title I of the ADA;

    e. Award Plaintiff prejudgment interest on his damages award;

    f. Award Plaintiff reasonable costs and attorneys' fees; and

    g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT V: VIOLATION OF TITLE V OF THE ADA – DISABILITY RETALIATION

61. Plaintiff repeats and re-alleges paragraphs 12 – 15, 23, 25 – 32 as if fully stated herein.

62. At all times material, Defendant was aware of Plaintiff's disability conditions.

63. At all times material to this action, Defendant engaged in unlawful retaliation against Plaintiff on account of his disability, and/or perceived disability in violation of the ADA.

64. Defendant retaliated against Plaintiff, harassing and discharging him because he complained about the lack of adequate job facilities that aggravated his disability and hindered him from performing his work.

65. Defendant's harassment and termination of Plaintiff was in retaliation for his protected activity under the ADA, namely opposing Defendant's discriminatory and unfair treatment towards him on account of his disability and/or perceived disability.

66. Defendant willfully violated Title V of the ADA or acted with reckless disregard for whether its actions were prohibited.

67. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title V of the ADA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under Title V of the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under Title V of the ADA;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT VI: VIOLATION OF THE FCRA BY DEFENDANT – AGE DISCRIMINATION - TERMINATION

68. Plaintiff repeats and re-alleges paragraphs 12 – 32 and 34 – 40 as if fully stated herein.

69. Plaintiff was an employee of Defendant and was terminated on May 29, 2019.

70. Plaintiff was subjected to disparate treatment because of his age in violation of the FCRA, and because of such actions by Defendant, he has suffered irreparable injury and compensable damages unless and until this court grants relief.

71. The unlawful employment practices complained of herein and the actions of Defendant and Ms. Mathieu as its agent, were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

72. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Actual damages suffered, including lost wages, loss of fringe benefits and damages;

d. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Punitive damages, according to proof;

f. Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT VII: VIOLATION OF THE FCRA BY DEFENDANT – AGE DISCRIMINATION – HOSTILE WORK ENVIRONMENT

73. Plaintiff repeats and re-alleges paragraphs 12 – 23, 25 – 29 and 42 – 47 as if fully stated herein.

74. Defendant created a hostile work environment and terminated Plaintiff's employment because of his age.

75. Plaintiff has been harassed and subjected to disparate treatment because of his age in violation of the FCRA, and because of such actions by Defendant, he has suffered irreparable injury and compensable damages unless and until this court grants relief.

76. The unlawful employment practices complained of herein and the actions of Defendant and its agents, were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

77. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Actual damages suffered, including lost wages, loss of fringe benefits and damages;

    d. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

    e. Punitive damages, according to proof;

    f. Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

    g. Such other and further relief as the Court deems just and proper.

### COUNT VIII: VIOLATION OF THE FCRA – AGE DISCRIMINATION - RETALIATION

78. Plaintiff repeats and re-alleges paragraphs 12 –29 and 49 – 53 as if fully stated herein.

79. Defendant retaliated against Plaintiff in violation of the FCRA by fostering and perpetuating inadequate working conditions that led to a hostile work environment.

80. Defendant's retaliation and eventual termination of Plaintiff was because of his complaining and opposition to the discriminatory acts that Ms. Mathieu was committing against him because of his age.

81. After Plaintiff's complaints and opposition to the discrimination he was enduring, Ms. Mathieu continued with and intensified her discriminatory demeanor and actions towards Plaintiff and the work environment became even more hostile.

82. The unlawful employment practices complained of herein and the actions of Defendant and its agents were and are willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

83. Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

84. As a direct and proximate result of the intentional retaliatory violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff, demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of antiretaliatory provisions of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

d. Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional retaliatory actions, according to proof;

e. Punitive damages, according to proof;

f. Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT IX: VIOLATION OF THE FCRA BY DEFENDANT – DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE

85. Plaintiff repeats and re-alleges paragraphs 12 – 15, 24 – 30 and 54 – 59 as if fully stated herein.

86. Plaintiff was discriminated, not accommodated and terminated because of his disability and/or Defendant's perception of such disability in violation of the FCRA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

87. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

88. Non-disabled employees were not terminated, and Plaintiff was terminated on the basis of his disability.

89. Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of his employment in violation of the FCRA.

90. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

  d. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

  e. Award punitive damages, according to proof;

  f. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

  g. Grant such other and further relief, as the Court deems just and proper.

### COUNT X: VIOLATION OF THE FCRA BY DEFENDANT – <u>DISABILITY RETALIATION</u>

91. Plaintiff repeats and re-alleges paragraphs 12 – 15, 24 – 30 and 62 – 67 as if fully stated herein.

92. At all times material, Defendant was aware of Plaintiff's disability conditions.

93. At all times material to this action, Defendant engaged in unlawful retaliation against Plaintiff on account of his disability, and/or perceived disability in violation of the FCRA. Defendant retaliated against Plaintiff first by creating a hostile work environment and then discharging him because he complained about inadequate working conditions that aggravated his disability and prevented him from adequately performing his job duties.

94. Defendant's creation and perpetuation of a hostile work environment and subsequent termination of Plaintiff was motivated by an intent to retaliate against Plaintiff for his protected activity under the FCRA.

95. Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited.

96. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Award punitive damages, according to proof;

f. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

g. Grant such other and further relief, as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 10, 2021.

Respectfully submitted,

By: /s/ Tanesha W. Blye
Tanesha W. Blye, Esq. Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Yadhira Ramírez-Toro, Esq.
Fla. Bar No.: 120506
E-mail: yramirez@saenzanderson.com

                                                                 R. Martin Saenz, Esq.
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*